**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GOSHEN LITHO, INC., Respondent.**

No. 591, Docket 72-2013.

United States Court of Appeals,
Second Circuit.

Argued March 26, 1973.

Decided April 18, 1973.

Joseph A. McCabe, Rockville Centre, N. Y. (McCabe & Huschle, Rockville Centre, N. Y., of counsel), for respondent.

William L. Corbett, Atty., N. L. R. B. (Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Paul J. Spielberg, Atty., N. L. R. B., of counsel), for petitioner.

Before FRIENDLY, Chief Judge, LUMBARD, Circuit Judge, and THOMSEN,* District Judge.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order issued against Goshen Litho, Inc. (Company) on May 9, 1972. In its decision and order, 196 NLRB No. 139, the Board found that the Company (A) had violated § 8(a)(1) and (2) of the NLRA by its coercive activities directed toward two local unions and its support and assistance to a third, and (B) had violated § 8(a)(3) and (1) by discharging or laying off four employees in 1968 and five employees in 1970 and constructively discharging R. Bradshaw, another employee, because of their union activities. It ordered that a third election be held, that the Company cease and desist specified activities, and that the Company "make whole" the ten employees in the manner directed by the Trial Examiner and reinstate R. Bradshaw to his former position or a substantially equivalent position, without prejudice to his seniority or other rights and privileges. The Company contends that substantial evidence on the whole record does not support finding (B), above.

■■ We are satisfied that the findings of the Board are supported by substantial evidence on the record considered as a whole, with one exception: we find incredible the testimony that R. Bradshaw was directed to clean up oil under a press while it was in operation, and conclude that there is no substantial evidence on the record considered as a whole to support the finding that his walking off the job was caused by harassment or that he was constructively discharged.

Except for the relief directed to be given R. Bradshaw, the order of the Board will be enforced.

* Of the District Court for the District of Maryland, sitting by designation.